No. 34,598

FLORENCE E. HYLAND, *Appellant,* v. LOYAL D. ELSE, Administrator c. t. a. of the Estate of William M. Else, Deceased, *Appellee.*

(99 P. 2d 735)

Opinion filed March 9, 1940.

*J. R. Hyland* and *H. N. Hyland,* both of Washington, for the appellant.

*A. C. Bokelman,* of Washington, and *W. J. Moss,* of Fairbury, Neb., for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This is an action on an oral contract brought against the administrator of the estate of William M. Else, deceased. The judgment in the trial court was in favor of the defendant. Plaintiff appeals.

The litigation had its origin in the financial difficulties of the Hollenberg State Bank. The bank had a capital stock of $10,000, divided into one hundred shares of $100 each. At the time of the alleged contract, hereinafter mentioned, the plaintiff and her husband owned fifty shares and William M. Else, now deceased, owned five shares.

In 1924 the bank, in satisfaction of debts, had acquired title to 520 acres of land. The statute, G. S. 1935, 9-151, required that the land be sold, or charged off out of the earnings or surplus of the bank. To remove this real estate from the assets of the bank three stockholders, about 1929, contributed the sum of $20,000. Of this sum

R. A. Hyland advanced $10,000, George Patterson $3,000 and William M. Else $7,000. The bank gave Else a promissory note for $7,000 to repay the money he advanced. In addition a mortgage of $4,000 was assigned to him. The title to the land remained in the bank and in 1931 Else demanded the money he had paid into the fund. R. A. Hyland advanced $5,000 and George Patterson $2,000 to pay Else. At the same time the following agreement, signed by Hyland, Patterson, Else and other stockholders, was entered into:

"WHEREAS, The Hollenberg State Bank, of Hollenberg, Kan., is the owner of the following-described real estate, to wit: (Description of land.)

"AND WHEREAS, A part of said land is mortgaged to Trevett, Mattis & Baker for $4,000, and R. A. Hyland has advanced the sum of $15,000, and George Patterson has also advanced the sum of $5,000, in charging said lands out of the assets of said bank. It is hereby agreed by and between the undersigned stockholders of said bank that said land shall be sold during the year 1931, at a price to be agreed upon by a majority of the undersigned stockholders. If the amount received from the sale of said land shall be insufficient to pay the amount so advanced by R. A. Hyland and George Patterson, with six percent interest, then in that event each of the undersigned stockholders agree to contribute to the payment of such deficit such proportion thereof as the shares owned by him or her bears to the 100 shares of the capital stock of said bank: *Provided, however,* This guaranty is not a continuing security and shall not extend or apply after December 31, 1931."

In 1931, just prior to the expiration of the foregoing contract, Hyland prepared another contract to be signed by the stockholders in reference to the land. Else refused to sign the proposed agreement.

The land was sold in May, 1933; at the price sold, the bank sustained a severe loss.

On March 3, 1935, William M. Else died testate. At the date of his death he was a resident of Jefferson county, Nebraska, and his will was probated in that county. On March 16, 1936, an authenticated copy of his will was admitted to record in Washington county, Kansas, and letters of administration were issued to the defendant Loyal D. Else.

R. A. Hyland and George Patterson assigned to the plaintiff their claim against Else for the amount Else owed the assignors under the facts above outlined. No assessment was ever made on the stockholders on account of the loss resulting from the sale of the land.

On April 20, 1936, plaintiff filed a claim against the estate of Else in the probate court. This claim was in two counts; the first was

on the written contract of March 11, 1931, and the second was on an implied contract. The claim was disallowed, and plaintiff appealed to the district court. In that forum plaintiff's statement of her cause of action was compelled to run the gauntlet of divers and sundry motions. As a result plaintiff filed first, second and third amended petitions. Counsel for defendant asserts that the original petition and the several amended petitions are identical with the allegations in the petition and amended petitions (except as to names of parties, amounts involved, etc.) before this court in *Hyland v. Dewey,* 146 Kan. 797, 73 P. 2d 1038. The fourth amended petition in this case was filed March 6, 1938, subsequent to the date on which the opinion in *Hyland v. Dewey,* supra, was handed down.

The fourth amended petition upon which the case was tried alleged that the bank had acquired certain land as above set forth; that to comply with the banking laws it was necessary to charge off and out of the assets of the bank the land described; that for the purpose of doing so, and to avoid a levy on the stock of the bank, and to avoid a sale of the land at a sacrifice "there was a mutual agreement and understanding among and between the stockholders of the bank, including the said Else, that certain stockholders of said bank advance the funds necessary to charge off said real estate," etc. It was further alleged that it was mutually agreed that if the land was sold at a loss "then that each of said stockholders should be held bound and obligated to the said parties so advancing the said funds, for the proper proportion of such deficit."

Plaintiff alleges that under the written contract of March 11, 1931, above set out, the deceased Else agreed and promised in writing to repay and refund Hyland and Patterson his proportion of the amounts advanced by them.

The petition alleges the sale of the land, the loss sustained, and the amount claimed to be due from the estate of Else, for which judgment is prayed.

A jury being waived, the case was submitted to the court. The court made findings of fact, returned conclusions of law and entered judgment for defendants. This appeal is from the order of the court in overruling plaintiff's motion for a new trial.

The questions presented on this appeal are thus stated in the brief of appellant:

"1. Whether all of the acts and conduct of the parties prior to the contract of March 11, 1931, are sufficient when not contradicted, to prove an implied contract.

"2. Whether the act of one or more in paying off a common burden or more than their share of such burden, and the acceptance by those not so paying their share, raises an implied or quasi contract for contribution.

"3. Whether the part of the written contract of March 11, 1931, relating to the sale of the land, was based or founded upon sufficient consideration to release parties from the duty of paying their share of a common burden under a prior or implied contract or quasi contract for contribution, or whether that part of the contract was void for want of consideration and of mutuality and could not be enforced."

The case of *Hyland v. Dewey*, supra, was an action against a stockholder in the same bank, brought by the same plaintiff as in the present action. In that case the first cause of action was on the written agreement dated March 11, 1931, above set out. It was held the plaintiff could not recover on the written agreement because the liability of the defendant in that case was limited by the express terms of the contract. The second cause of action was for contribution, under an obligation implied in law. As it was not shown that Hyland and Patterson were under any duty to advance the $20,000 to take the land out of the assets of the bank, and the advancement was a voluntary act on their part, it was held plaintiff was not entitled to contribution from the defendant in that case.

In the case now before us the fourth amended petition alleges there was a mutual understanding and agreement between the stockholders of the bank, including the defendant Else, that if certain of the stockholders advanced the money for the purpose stated, that each of the stockholders would be bound for his proper proportion of any deficit. It thus appears that plaintiff in the case before us predicates her cause of action upon an express oral contract (17 C. J. S., p. 315) and not on an implied contract. (17 C. J. S. 317.)

An answer was filed by the defendant, and a reply thereto was filed by the plaintiff. Upon the issues thus joined the case was tried by the court below, and judgment was entered for defendant. As the judgment was supported by the evidence, it must stand unless error appears in the record. Instead of directing our attention to any trial errors which would call for a reversal of the judgment, the elaborate brief of plaintiff is devoted to a review of the evidence. The weight of the evidence was for the trial court. It is the misfortune of the plaintiff that she was unable to convince the trial court that under the pleadings and the evidence she was entitled to a judgment. The questions argued by counsel as to implied contract

are not germane to the issues in the case. The plaintiff's action is based upon an express contract. Her right of recovery is measured by the contract pleaded. As the judgment is supported by the evidence, and no error is shown in the record, the judgment must be affirmed. It is so ordered.